Case 7:21-cv-00352 Document 25 Filed on 03/23/22 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| O.P., by next friend Elizabeth Perez, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00352 |
| | § | |
| WESLACO INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

The Court now considers "Plaintiff's Motion for Additional Evidence"[1] and Defendant's response.[2] As a threshold matter, the Court notes Plaintiff's motion lacks numbered paragraphs, hindering the Court's reference to Plaintiff's arguments. The Court cautions Plaintiff that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

This is an Individuals with Disabilities Education Act case. Relevant to this opinion, Plaintiff alleges that Defendant Weslaco Independent School District failed to meet its "child find" obligations under 20 U.S.C. § 1412(a)(3) and failed to identify Plaintiff O.P. as having disabilities that would qualify him for an appropriate special education program.[4] Plaintiff alleges that, in the

---

[1] Dkt. No. 23.
[2] Dkt. No. 24.
[3] *See* FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").
[4] Dkt. No. 5 at 3–4, ¶¶ 4.1–4.2.

first two months of 2019, Dr. Olga Rodriguez-Escobar diagnosed O.P. with Autism Spectrum Disorder and other disabilities and O.P.'s parents notified Defendant school district of the need for special education.[5] However, Plaintiff alleges that Defendant reviewed O.P.'s psychological evaluation and errantly refused to place O.P. in a special education program, even after an administrative hearing.[6]

Plaintiff now seeks to introduce additional evidence in the form of O.P.'s new counselor's testimony.[7] The Court turns to the analysis.

## II. DISCUSSION

### a. Legal Standard

Under the Individuals with Disabilities Education Act as amended, the Court "shall hear additional evidence at the request of a party" in a case brought under the Act.[8] "When a federal district court reviews a state hearing officer's decision in an impartial due process hearing under the IDEA, the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party."[9] "Fifth Circuit opinions use language suggesting district courts have little discretion to reject additional evidence."[10] However, the evidence proffered must be truly *additional* so that the administrative hearings are not stripped of meaning, thus district courts retain discretion to adjudge what evidence is "additional" and shall be admitted.[11] "[T]he eligibility question on appellate review is whether a student had a 'present need for special education services,' such that the reviewing court should not 'judge a school

---

[5] *Id.* at 4–5, ¶ 4.2.
[6] *Id.* at 6, ¶ 4.4.
[7] Dkt. No. 23.
[8] 20 U.S.C. § 1415(i)(2)(C)(ii).
[9] *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997).
[10] *Caldwell Indep. Sch. Dist. v. L.P.*, 994 F. Supp. 2d 811, 816 (W.D. Tex. 2012) (quoting *Hous. Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000) (holding that a district court is "required to take additional evidence at the request of any party")).
[11] *E.R. ex rel. E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763–64 (5th Cir. 2018) (per curiam).

district's determination in hindsight. . . .' Subsequent events do not determine ex ante reasonableness in the eligibility context."[12]

### b. Analysis

Plaintiff moves under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(2)(C)(ii), to submit additional evidence in this proceeding from "Dr. Jennifer Ortega DPC, LPC," a counselor who counsels Plaintiff O.P.[13] No evidence from Dr. Ortega was offered at the administrative hearing because she was not then O.P.'s counselor. Plaintiff now seeks to introduce Dr. Ortega's testimony as additional evidence for "the question of eligibility for special education and [Defendant's] ongoing denial of FAPE [a free appropriate public education] to O.P."[14] Defendant opposes Plaintiff's motion to introduce new evidence because, Defendant argues, the additional evidence is designed to impermissibly bolster Plaintiff's case in hindsight.

The Court agrees with Defendant. Plaintiff admits that "Dr. Ortega did not testify at the administrative hearing as O.P. was not yet a patient of Dr. Ortega," yet Plaintiff intends to introduce her after-acquired testimony as evidence of O.P.'s ex ante eligibility for a special education program.[15] The Fifth Circuit has directly rejected this approach:

> While judicial review unavoidably looks backward, our task is to assess eligibility with the information available to the ARD [admission, review, and dismissal] committee at the time of its decision. An erroneous conclusion that a student is ineligible for special education does not somehow become acceptable because a student subsequently succeeds. Nor does a proper finding that a student is ineligible become erroneous because the student later struggles. Subsequent events do not determine ex ante reasonableness in the eligibility context.[16]

---

[12] *Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 214 (5th Cir. 2019) (quoting *D.L. ex rel. J.L. v. Clear Creek Indep. Sch. Dist.*, 695 F. App'x 733, 738 (5th Cir. 2017) (per curiam)).
[13] Dkt. No. 23 at 2.
[14] Dkt. No. 23 at 2.
[15] Dkt. No. 23 at 2.
[16] *Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 214 (5th Cir. 2019).

"If parties could always introduce additional evidence in the district court to patch up holes in their administrative case, administrative proceedings would no longer receive the weight that they are due. After all, rendering a decision on the record compiled before the administrative agency is the norm."[17] The Court therefore holds that Plaintiff's attempt to introduce additional post-administrative hearing evidence contravenes Fifth Circuit precedent.

### III. HOLDING

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to submit additional evidence.[18]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 23rd day of March 2022.

_____
Micaela Alvarez
United States District Judge

---

[17] *E.R. ex rel. E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 764 (5th Cir. 2018) (cleaned up).
[18] Dkt. No. 23.